FILED'08 JUL 31 09:03USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CITY OF ASHLAND                                    Civil No.  08-3048-CL

        Plaintiff,                                         ORDER

   v.

ED SCHAEFER, in his official capacity as
Secretary of the UNITED STATES
DEPARTMENT OF AGRICULTURE, et al.

        Defendants.


CLARKE, Magistrate Judge:

      Plaintiff filed a complaint under the Administrative Procedure Act ("APA"),[1] seeking

administrative review of the United States Department of Agriculture's ("USDA") final decision

denying USDA employee testimony subpoenaed in a separate state court action.  This Court has

jurisdiction to review USDA's final decision pursuant to 28 U.S.C. § 1331.  The parties have

executed written consents to entry of judgment by a magistrate judge (#12).  28 U.S.C. § 636(c).

For the reasons stated, the Court affirms the USDA's final decision.

_____

[1] 5 U.S.C. §§ 702-706.

## I. BACKGROUND

The United States Forest Service ("USFS") issued a 25 year Special Use Permit to the

City of Ashland to operate the Mount Ashland Ski Area in 1992. A.R. 90. That same year,

Mount Ashland Association ("MAA") entered into a lease agreement for the same area with the

City of Ashland ("the City") giving MAA responsibility for maintenance, liability insurance, and

environmental compliance. A.R. 37-45. USFS approved MAA's proposed expansion of the ski

area in September 2004 ("the Expansion Project"), which resulted in a legal action by the Oregon

Natural Resources Council ("ONRC") to stop the expansion. See ONRC v. Goodman, No. 05-

CV-3005-PA, 2007 WL 489272 (D. Or. Feb. 9, 2007).

Before the district court resolved the Goodman case, the Ashland City Council passed

Resolution 2005-35 (Sept. 6, 2005), which required the City Council to take certain actions with

respect to the City's role as holder of the Special Use Permit, under which the City leased the

Mount Ashland Ski Area to MAA. AR. 49-50. Pursuant to Resolution 2005-35, City

Administrator Martha Bennett sent a letter to Linda Duffy, Ashland District Ranger for the

Rogue River-Siskiyou National Forest, on October 3, 2006, requesting the USFS to direct future

contracts and permits related to the Expansion Project to the City rather than to MAA. A.R. 51.

The USFS complied with the City's request. A.R. 1189.

Meanwhile in the Goodman case, the district court granted the government's motion for

summary judgment against ONRC by minute order. See Goodman, 2007 WL 489272. The

Ninth Circuit reversed the district court, granting ONRC's motion for an emergency injunction

enjoining the Expansion Project until MAA corrected its violations of federal environmental

laws. ONRC v. Goodman, 505 F.3d 884 (9th Cir. 2007).

In July 2007, MAA filed suit against the City in Jackson County Circuit Court, <u>Mount Ashland Association v. City of Ashland</u>, No. 072744-E2, alleging that the City's letter to the USFS interfered with MAA's ability to plan, permit, contract and log for the Expansion Project. A.R. 7-249.  Particularly, MAA alleged that the City prevented the USFS from issuing a timber contract to MAA, a contract which would have allowed MAA to commence logging to clear the area for the Expansion Project before the Ninth Circuit granted an emergency injunction to ONRC.  <u>Id.</u>  MAA alleges in its breach of contract claim that, by asking USFS to deal directly with the City as opposed to MAA, the City had interfered with MAA's possessory rights.  <u>Id.</u> The City filed a motion for summary judgment and MAA filed a motion for partial summary judgment.  <u>Id.</u>  Judge Shively for Jackson County Circuit Court denied both motions, noting particularly that USFS was not a necessary party to the action.  A.R. 248.

During the course of the <u>Mount Ashland Association</u> case, the City wrote to the Secretary of the USDA on February 27 and 28, 2008, communicating the City's intention to take the depositions of two USFS employees, Linda Duffy and Steve Johnson.  A.R. 4-6, 443-49.  In response, the USDA offered documents supplemental to those the USFS had already provided pursuant to the City's FOIA request.  A.R. 453-58.  The City determined that the USFS documents were not sufficient and that it also was necessary to obtain testimony from a third USFS employee, Michael Roney.  A.R. 2225.   The City subsequently informed the USDA that the City had obtained subpoenas that they would begin attempting to serve on April 14, 2008. A.R. 2225.

In a letter decision dated April 17, 2008, the USDA refused to authorize the employees' testimony because permitting the testimony would not be in the interest of the USDA, it would

3 - ORDER

unnecessarily interfere with the subpoenaed employees' duties, and it would give the appearance

that the USDA favored one litigant over another. A.R. 2226-29. Additionally, in light of the

documents which the USFS supplied to the City pursuant to the City's FOIA request, the USDA

stated that the employees' testimony would be redundant. Id. In refusing authorization, the

Secretary invoked the USDA regulations prohibiting USDA employees from testifying without

agency permission in judicial proceedings where the USDA is not a party. Id. (citing 7 C.F.R. §§

1.210-1.219). The USDA regulations ("Touhy Regulations") were promulgated pursuant to 5

U.S.C. § 301 and United States ex rel. Touhy v. Reagan, 340 U.S. 462 (1951). A.R. 2226-27.

The USDA represents that the agency filed a motion to quash the subpoenas in the

underlying state proceeding, arguing that the state court lacked jurisdiction to compel the federal

officials to testify.[2] See Def. Resp., at 5. Subsequently, the City filed this action against the

USDA, requesting APA review of the USDA's decision prohibiting its employees' testimony.

## II. STANDARD OF REVIEW

The APA provides the district court with a limited waiver of sovereign immunity,

allowing review of an agency action pursuant to 5 U.S.C. § 706, which states in pertinent part:

> To the extent necessary to decision and when presented, the reviewing
> court shall decide all relevant questions of law, interpret constitutional and
> statutory provisions, and determine the meaning or applicability of the terms of an
> agency action. The reviewing court shall--
> (1) compel agency action unlawfully withheld or unreasonably delayed;
> (2) hold unlawful and set aside agency action, findings, and conclusions
> found to be --
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in
> accordance with law;

_____

[2]The USDA represents that Judge Shively did not rule on the motion to quash the
subpoenas and that the Mount Ashland Association trial was postponed due to the need to
resolve the present case before the trial court can proceed. See Def. Resp., at 5.

. . . .

     (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

. . . .

     (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute . . . .

Although the review of an agency action by a district court is limited, "[r]eviewing courts are not obliged to stand aside and rubberstamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute." NLRB v. Brown, 380 U.S. 278, 291 (1965). Particularly, where an agency makes a policy decision, "federal judges - who have no constituency - have a duty to respect legitimate policy choices made by those who do" via constitutional divestment of authority to the political branches. Chevron U.S.A. Inc. v. Natural Res. Def. Counsel, Inc., 467 U.S. 837, 866 (1984).

### III.  DISCUSSION

A.    The Applicable Rules

The City contends that the USDA incorrectly invoked USDA regulations promulgated pursuant to 5 U.S.C. § 301 in deciding not to authorize USDA employee testimony in the underlying state proceeding, and thus, the USDA's decision constitutes (1) agency action unlawfully withheld by the USDA, (2) arbitrary and capricious action by the USDA, (3) an abuse of the USDA's discretion not in accordance with the law, (4) and unsupported by substantial evidence. Under 5 U.S.C. § 301, the head of a federal agency may promulgate procedural regulations governing "the conduct of its employees, the distribution and performance of its business, and the custody, use and reservation of its records, papers and property." Because of

the procedural nature of Touhy regulations, the merits of underlying proceedings are not considered in determining whether an agency has validly invoked Touhy regulations promulgated pursuant to 5 U.S.C. § 301. Swett v. Schenk, 792 F.2d 1447, 1452 (9th Cir. 1986) (citing Touhy, 340 U.S. at 467-49).

In support of its position, the City argues that the discovery rules within the Federal Rules of Civil Procedure should apply to the current controversy under the principles established in Exxon Shipping Co. v. United States Department of Interior, 34 F.3d 774 (9th Cir. 1994). Exxon Shipping, 34 F.3d 774, concerned federal subpoenas of employees from non party federal agencies. In Exxon Shipping, the Ninth Circuit limited 5 U.S.C. § 301, stating that the statute "does not, by its own force, authorize federal agency heads to withhold evidence sought under a valid federal court subpoena." Id. at 777. The Ninth Circuit held that the Federal Rules of Civil Procedure applied where a federal subpoena was issued against a federal agency. Id. at 777. The court, however, drew a distinct line between the reach of a *federal* court subpoena and a *state* court subpoena, noting that the sovereign immunity of federal agencies limits the effect of a state court subpoena. Id. at 778 (citing Swett, 792 F.2d at 1449-52 (finding that a state court does not have jurisdiction to subpoena a federal agency employee and, therefore, the federal court had no jurisdiction to enforce a state subpoena against a federal agency employee); Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989) (finding that under Swett, a state court lacked jurisdiction to subpoena an agency which invoked its Touhy regulations)).

The City contends in its reply brief that Exxon Shipping applies to both federal and state court subpoenas because both federal and state court proceedings were at issue in that case. Although the Ninth Circuit's holding in Exxon Shipping does not explicitly limit itself to federal

court subpoenas, the Ninth Circuit distinguished the federal subpoenas at issue there from

another case, Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989), in which the Fourth Circuit

held that a state court subpoena was limited in its effect on federal agencies by sovereign

immunity. Exxon Shipping, 34 F.3d at 778 (stating that"[t]he Downie court held that the

doctrine of sovereign immunity precludes *the state court*, and the federal court that gained

limited jurisdiction on removal, from compelling Downie . . . to testify contrary to his agency's

instructions"). The Ninth Circuit also distinguished federal subpoenas from state subpoenas,

finding that the limitations of sovereign immunity on a state court subpoena "'do not apply when

a *federal* court exercises its subpoena power against federal officials.'" Exxon Shipping, 34 F.3d

at 778 (quoting *In re* Boeh, 25 F.3d 761, 770 (9th Cir. 1994) (Norris, J., dissenting)). Thus, the

holding in Exxon Shipping was limited in application by the Ninth Circuit to federal court

subpoenas. Exxon Shipping, 34 F.3d at 778.

The USDA refers to Reeves v. Barnhart, CV S-02-1416 GEB/JFM, slip op. (E.D. Cal.

June 13, 2003), aff'd, 125 Fed. Appx. 120 (9th Cir. 2005), to support its argument that the USDA

properly invoked its Touhy regulations in refusing to authorize its employees' testimony. In

Reeves, a party in a state court proceeding issued a subpoena to obtain testimony from a non-

party federal agency employee. CV S-02-1416 GEB/JFM, slip op. at 4-5. The District Court for

the Eastern District of California held that the principles of Exxon Shipping did not apply to state

court subpoenas because "the doctrine of sovereign immunity precludes a state court from

compelling a federal agent to testify contrary to his or her agency's instructions." Reeves, CV S-

02-1416 GEB/JFM, slip op. at 4-5 (citing Exxon Shipping, 34 F.3d at 778). Instead of applying

the Federal Rules of Civil Procedure, the district court found that the agency had properly

7 - ORDER

invoked its Touhy regulations in refusing to authorize its employee's testimony in a state

proceeding. Reeves, CV S-02-1416 GEB/JFM, slip op. at 4-5.

Other case law also indicates that this case cannot be controlled by the principles

developed in Exxon Shipping. Swett, 792 F.2d at 1449-52 (finding that a federal agency's Touhy

regulations protect a federal agency from state proceedings where the United States is not a party

due to sovereign immunity); Boron Oil Co. v. Downie, 873 F.2d at 70 (finding that federal

agencies invoking Touhy regulations are protected from state court subpoenas where the United

States is not a party); In re Elko County Grand Jury, 109 F.3d 554, 556 (9th Cir. 1997) (finding

that due to federal sovereign immunity, a federal agency invoking its Touhy regulations was not

subject to state court subpoena). In this case, the City seeks discovery for a state court

proceeding pursuant to a state court subpoena, as opposed to the federal subpoena enforced

against a federal agency in Exxon Shipping. Because the discovery sought involves a state court

proceeding, the Federal Rules of Civil Procedure are not applicable as they were in the Exxon

Shipping case. See Fed. R. Civ. P. 1 (limiting the application of the Federal Rules of Civil

Procedure to "civil actions and proceedings in the United States district courts"). Thus, courts

have found that Touhy regulations apply to protect the agency's employees from state court

subpoenas where the agency has not authorized the subpoenaed employees to testify.

B.     The USDA's Decision

The City contends that the USDA's decision should be overturned because: the USDA

unlawfully withheld authorization of the USDA employees' testimony pursuant to 5 U.S.C. §

706(1); the USDA's decision not to authorize the testimony was "arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A); the USDA's

action was in excess of statutory authority under 5 U.S.C. § 706(2)(C); and the USDA's decision was unsupported by substantial evidence pursuant to 5 U.S.C. § 706(2)(E). Because the parties focused on whether the USDA's actions were arbitrary and capricious under 5 U.S.C. § 706(2)(A), the Court will address this issue first.

        i.      Whether the USDA's Decision Was Arbitrary and Capricious

The scope of review under an "arbitrary and capricious" standard is narrow "and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983). An agency's decision is arbitrary and capricious if it

> relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

O'Keefe's, Inc. v. U.S. Consumer Prod. Safety Comm'n, 92 F.3d 940, 942 (9th Cir. 1996) (citing Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43). In reviewing the agency's explanation for its decision, the Court must consider whether that decision is "'based on the consideration of the relevant factors and whether there has been a clear error of judgment.'" Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43 (quoting Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285 (1974); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)). If the agency "articulate[s] a 'rational connection between the facts found and the choice made,'" Bowman Transp., Inc., 419 U.S. at 285 (citing Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)), the Court should uphold the agency's decision. Id.

The USDA based its decision to refuse authorization of its employees' testimony on the

factors listed in the USDA's regulations promulgated pursuant to 5 U.S.C. § 301 and <u>Touhy</u>, 340

U.S. 462, *supra*.  <u>See</u> 7 C.F.R. §§ 1.210-1.219.  These regulations require USDA officials

deciding whether to authorize subpoenaed employee testimony to consider: "(i) what interest of

the USDA would be promoted by the employee's testimony; (ii) whether an appearance would

result in an unnecessary interference with the duties of the USDA employee; (iii) whether an

employee's testimony would result in the appearance of improperly favoring one litigant over

another."  7 C.F.R. § 1.214(2).  The USDA also considered the documents presented by the

USFS in response to the City's FOIA request responsive to the City's questions.  A.R. 2228.  The

Court finds that the USDA's letter decision dated April 17, 2008, denying authorization of the

employees' testimony, A.R. 2226-28, applied the proper standards and reached a rational

conclusion.

> a.    The Interest of the USDA

The USDA determined that permitting the employees' testimony to be presented in the

litigation between MAA and the City would not be in the interest of either the United States or

the general public.  A.R. 2227.  The USDA gave two reasons in support of its analysis that it was

not in the agency's interest to get involved in the litigation between the City and MAA: (1) the

USDA was not party to the underlying litigation; and (2) the USDA was not a party to the lease

at controversy in the underlying litigation.  The City claims that the reasons cited by the USDA

are irrational due to the USDA's interrelation with both the City and MAA.  This interrelation,

the City claims, demands the USDA's interest in the underlying controversy because the USDA's

involvement would expedite the resolution of the underlying controversy.

The very interrelation that the City claims necessitates the USDA's interest in the

underlying litigation, however, provides ample reason for the USDA to avoid "dipping its fingers" into the business of two establishments with which the USFS interacts regularly. The USFS has reason to preserve its relationships with these associations by avoiding involvement in a political and legal dispute between the two associations. Thus, the Court finds that the USDA's decision that it was not in the interest of the USDA to become involved in the underlying litigation is rational.

### b.    The Duties of the USDA Employees

The USDA determined that authorizing the testimony would unnecessarily interfere with the subpoenaed employees' duties. A.R. 2227-28. The City protests, claiming that the USDA provides no evidence of how the testimony would affect the employees' ability to fulfill their duties. This may be true, but it is also true that the USDA is in the best position to determine the time and effort involved in preparing the employees for their depositions and testimony and how that time commitment might hamper their ability to fulfill their duties. Thus, the Court cannot find that the USDA's decision regarding the testimony's undue interference with the employees' testimony was unreasonable or irrational.

### c.    The Appearance of Improperly Favoring One Litigant Over Another

The USDA determined that permitting the employees' testimony would give the appearance that the USDA improperly favored one litigant over another. A.R. 2227-28. The City claims that, because this testimony is subpoenaed and, therefore, involuntary, the USDA could not possibly appear to favor one litigant over another due to the nature of the testimony. The USDA, however, contends that it is obligated to maintain neutrality between the two parties due to the USFS's frequent interactions with both the City and MAA. Even though the

employees' appearance would not be voluntary, any answers given by the employees in court

could given the appearance of improper favor. The Court finds that the USDA's reasoning

behind its decision that the USDA's involvement in the underlying litigation would foster the

appearance of improper favor to one party over another is rational.

        d.      <u>The Documents Provided by USFS Upon the City's FOIA Request</u>

The USDA also determined that the employees' testimony would be unnecessarily

redundant given the documents disclosed by USFS pursuant to the City's FOIA request. A.R.

2227-28. The USFS produced a large number of documents in response to the City's FOIA

request, which included identification of the relevant documents. The USDA contends that these

documents answer the list of questions that the City composed in preparation for deposing the

three USDA employees. The Court has reviewed the voluminous documents released pursuant

to the City's FOIA request and finds that the USDA's analysis concerning the documents was not

unreasonable or irrational.

Based on the Court's review of the USDA's decision, the Court finds that the USDA

applied the proper standards and provided the required analysis, that its decision was well-

reasoned, and that it articulated a rational connection between the facts considered and the

decision made. Because the USDA based its decision on a consideration of relevant factors, and

because the USDA's invocation of its <u>Touhy</u> rules was not improper, the Court must treat the

agency decision with deference. Therefore, the agency's decision to refuse authorization of its

employees' testimony was not arbitrary and capricious and will be upheld by the Court.

        ii.     <u>The City's Other Claims Under the APA</u>

Additionally, the City claims that the USDA unlawfully withheld the authorization of the

employees' testimony, that the USDA acted in excess of the statutory authority granted to the USDA by Congress, and that the USDA's decision was not supported by substantial evidence. The Court has reviewed the USDA's decision under the applicable standards and finds that there is no factual or legal support in the record for overturning the USDA's decision on these grounds.

C.    Conclusion

The Federal Rules of Civil Procedure do not apply in a judicial review of an agency's action refusing to authorize the subpoenaed testimony of non-party agency employees in a state proceeding. The USDA properly invoked its Touhy regulations in refusing to authorize the testimony of its employees. Under these regulations, the decision made by the USDA to refuse authorization of the employees' testimony was not an arbitrary or capricious action, nor was it an action unlawfully withheld by the USDA, an action in excess of statutory authority granted to the USDA, or a decision made without substantial evidence. Judgment shall be entered.

## IV. ORDER

Based on the foregoing, the Court affirms the decision of the USDA denying authorization of USDA employees' testimony before the state court in Mount Ashland Association v. City of Ashland. Judgment shall be entered in favor of Defendants.

DATED this 31 day of JULY, 2008.

UNITED STATES MAGISTRATE JUDGE